# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0206-24

C.H.,

    Plaintiff-Respondent,

v.

L.E.D.,

    Defendant-Appellant.

_____

        Submitted September 23, 2025 – Decided October 28, 2025

        Before Judges Gilson and Perez Friscia.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Salem County, Docket No. FV-17-0076-25.

        Helmer, Conley & Kasselman, PA, attorneys for appellant (Patricia B. Quelch, of counsel and on the brief).

        Respondent has not filed a brief.

PER CURIAM

Defendant appeals from a final restraining order (FRO) entered under the Prevention of Domestic Violence Act (the Act), N.J.S.A. 2C:25-17 to -35, based on predicate acts of harassment, N.J.S.A. 2C:33-4, and simple assault, N.J.S.A. 2C:12-1(1). We affirm because the trial court's factual findings are supported by substantial credible evidence, and it correctly applied the law.[1]

## I.

We discern the facts from the record developed at a one-day trial conducted on August 15, 2024. Plaintiff represented herself at trial and defendant was represented by counsel. Both parties testified and they were the only witnesses. Defendant also submitted several exhibits into evidence, including copies of text messages the parties had exchanged on the morning of July 30, 2024.

The parties married in 2018, and they have two children: sons, who at the time of trial were eighteen and fourteen years old. Plaintiff alleged that defendant assaulted and harassed her on July 30, 2024.

In her testimony, plaintiff explained that for several months leading up to July 2024, the parties had been arguing a lot. She stated defendant has a mental

---

[1] We use initials to protect the confidentiality of the participants in this domestic violence matter. R. 1:38-3(d)(10).

A-0206-24

health condition, which requires him to take medications, but those medications did not seem to control his condition.

Plaintiff went on to testify that on July 30, 2024, she and defendant got into an argument concerning her communications with a friend. During that argument, defendant grabbed plaintiff's wrists and took her phone. Defendant then took the phone into the bedroom and when plaintiff went into the bedroom, defendant cornered her, screamed at her, grabbed her, and pushed her into a wall. The parties' son then came into the bedroom and eventually plaintiff convinced defendant to leave the house.

According to plaintiff, when defendant went outside the home, she followed him and was on the front step. As the defendant was driving off in his truck, his truck came towards her. She jumped back but the truck struck the side of her leg. Plaintiff testified that the blow caused bruising to her leg and that her left leg and knee were in "a lot of pain."

Shortly after defendant drove off, the police were called, and they responded to the home. That same day, plaintiff applied for and received a temporary restraining order (TRO).

In explaining the parties' history, plaintiff also testified that she felt defendant tried to control her. As an example, she testified that he had purchased

3

but not installed a tracking device she believed he planned to place on her car. She also explained how defendant reviewed her calls and questioned her eldest son about where she had been and what she had done. Finally, she explained that she believed she needed a restraining order to protect herself because defendant's "manic episodes" were getting worse and that she was concerned about what he might do to her.

In his testimony, defendant acknowledged that he had bipolar disorder and that he was taking medications to treat the disorder. He stated that he felt plaintiff was not supportive of his condition.

Regarding July 30, 2024, defendant testified that he and plaintiff had a conversation regarding his concern about her communications with a friend. During that conversation, defendant claimed that plaintiff cursed at him and then ignored him. Defendant then grabbed plaintiff's phone to get her attention. Defendant denied touching plaintiff. Instead, defendant testified that he wanted to deescalate the situation, so he attempted to hug plaintiff.

Defendant acknowledged that when he left the home, he drove off at a high speed. He denied, however, hitting plaintiff with his truck as he left the home. He did state that shortly after he drove off, he realized he had a flat tire.

A-0206-24

Defendant maintained that he was not a danger to plaintiff. He explained that he planned to file for a divorce, he would have no contact with plaintiff, and he wanted to move on with his life.

After listening to the testimony and reviewing the exhibits, the trial court placed its findings of facts and conclusions of law on the record. The court found plaintiff's testimony to be credible and defendant's testimony to be "less credible[.]" Relying on plaintiff's testimony, the court found that defendant had assaulted plaintiff on July 30, 2024. In that regard, the court found that defendant took plaintiff's phone, grabbed her, screamed at her, and pushed her into a wall. The court also found that as defendant was driving off, his vehicle struck plaintiff's leg and defendant recklessly caused bodily injury to plaintiff. The court credited plaintiff's testimony that she had been bruised when the truck struck her and that she had been in pain. The court also found that defendant had driven towards plaintiff with the purpose of scaring her and had acted recklessly in doing so.

Additionally, the trial court found that defendant had offensively touched plaintiff with the purpose of harassing her. Thus, the court found that defendant had harassed plaintiff under subsection (b) of the harassment statute. See N.J.S.A. 2C:33-4(b).

5

Finally, the court found that plaintiff needed an FRO. The court reasoned that defendant's act of driving recklessly towards plaintiff and striking her was sufficient, in and of itself, to warrant the issuance of a restraining order. In addition, the court credited plaintiff's testimony that she had a fear of defendant and that defendant had attempted to coercively control her. Consequently, on August 15, 2024, the court entered an FRO in favor of plaintiff and against defendant.

Defendant now appeals from the FRO.

II.

On appeal, defendant makes three arguments. He contends that (1) we should not defer to the trial court's credibility findings; (2) the trial court erred by considering evidence not referenced in the TRO; and (3) the evidence at trial did not support the issuance of an FRO.

Our scope of review of an FRO is limited. C.C. v. J.A.H., 463 N.J. Super. 419, 428 (App. Div. 2020). We accord substantial deference to family judges' findings of fact because of their special jurisdiction and "expertise in family matters." N.J. Div. of Youth & Fam. Servs. v. M.C. III, 201 N.J. 328, 343 (2010) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). That deference is particularly strong when the evidence is largely testimonial and rests on a judge's

6

credibility findings. Cesare, 154 N.J. at 412; see also Gnall v. Gnall, 222 N.J. 414, 428 (2015). We will "not disturb the factual findings and legal conclusions of the trial [court] unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Balducci v. Cige, 456 N.J. Super. 219, 233 (App. Div. 2018) (alteration in original) (quoting In re Forfeiture of Pers. Weapons & Firearms Identification Card Belonging to F.M., 225 N.J. 487, 506 (2016)). "[W]e owe no deference to a trial court's interpretation of the law, and review issues of law de novo." Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016).

The purpose of the Act is to "assure victims of domestic violence the maximum protection from abuse the law can provide." G.M. v. C.V., 453 N.J. Super. 1, 12 (App. Div. 2018) (quoting State v. Brown, 394 N.J. Super. 492, 504 (App. Div. 2007)) (internal quotation marks omitted). Domestic violence occurs when an adult or emancipated minor commits one or more of the predicate acts identified in the Act. N.J.S.A. 2C:25-19(a).

When determining whether to grant an FRO, a trial judge must engage in a two-step analysis. J.D. v. A.M.W., 475 N.J. Super. 306, 313 (App. Div. 2023) (citing Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006)). "First,

7

the judge must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth" in N.J.S.A. 2C:25-19(a) has occurred. Ibid. Second, the judge must assess whether a restraining order is necessary to protect the victim from immediate danger or to prevent further abuse. J.D. v. M.D.F., 207 N.J. 458, 475-76 (2011) (quoting Silver, 387 N.J. Super. at 126-27). The second determination depends on the seriousness of the predicate offenses, and history of domestic violence between the parties, including prior threats, harassment, and physical abuse. Corrente v. Corrente, 281 N.J. Super. 243, 248 (App. Div. 1995) (citing N.J.S.A. 2C:25-29(a)). An FRO may only be granted when both prongs have been met. See J.D., 207 N.J. at 475-76; see also N.J.S.A. 2C:25-29(a).

The trial court found that defendant had committed two predicate acts: assault and harassment. See N.J.S.A. 2C:25-19(a)(2), (13). A person is guilty of a simple assault if that person "(1) [a]ttempts to cause or purposely, knowingly, or recklessly causes bodily injury to another; or (2) [n]egligently causes bodily injury to another with a deadly weapon; or (3) [a]ttempts by physical menace to put another in fear of imminent serious bodily injury." N.J.S.A. 2C:12-1(a). A person acts "purposely" if he or she consciously engages in conduct or causes a certain result. N.J.S.A. 2C:2-2(b)(1). A person acts

8 

"knowingly" if he or she is aware of his or her conduct, the circumstances surrounding his or her conduct, or is aware of a high probability that those circumstances exist. N.J.S.A. 2C:2-2(b)(1). A person acts "recklessly" if he or she disregards a substantial and unjustifiable risk that bodily injury will result from his or her conduct. N.J.S.A. 2C:2-2(b)(3).

A person commits harassment

if, with purpose to harass another, he [or she]:

a. Makes, or causes to be made, one or more communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;

b. Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or

c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.

[N.J.S.A. 2C:33-4(a) to (c).]

Having reviewed the record, we conclude that there was sufficient credible evidence supporting the trial court's determination that defendant committed the predicate acts of simple assault and harassment. The court credited plaintiff's testimony that defendant physically grabbed her and pushed her into a wall while they were in the bedroom. The court also credited

9

plaintiff's testimony that defendant recklessly drove towards her, and his truck struck plaintiff on her left leg. The court also found that plaintiff had testified credibly that she suffered bruises as a result of being struck by the truck and that she experienced pain in her leg. Those factual findings support the legal conclusion that defendant committed a simple assault against plaintiff. See N.J.S.A. 2C:12-1(a)(1), (2).

There was also substantial credible evidence that defendant harassed plaintiff. The trial court expressly found that defendant recklessly drove towards plaintiff with the purpose of harassing her. That finding, coupled with the court's finding that plaintiff was struck and suffered minor injuries, established harassment under subsection (b) of the harassment statute. See N.J.S.A. 2C:33-4(b).

There was also sufficient evidence that plaintiff needed an FRO to protect her from future abuse. Plaintiff testified that defendant had engaged in conduct demonstrating that he had sought to coercively control her. The trial court credited that testimony and found that his prior conduct, coupled with the simple assault involving a motor vehicle, warranted the FRO.

Defendant first argues that we should disregard the trial court's credibility findings. In making that argument, defendant criticizes the trial court for relying

on whether the witness made eye contact with the court. That criticism is taken out of context. The trial court evaluated several factors when considering credibility, including eye contact. We discern nothing improper in the court's credibility analysis and see no basis for us to reject those credibility findings, which were made after the trial court carefully observed both witnesses as they testified.

Second, defendant argues that the trial court erred by considering evidence outside the TRO. In that regard, defendant points to plaintiff's testimony concerning the tracking device. He argues that there was no reference to a tracking device in the TRO. The trial court appropriately explained that it would not use the testimony concerning the tracking device in determining whether there was a predicate act of assault or harassment. Moreover, the trial court's finding that plaintiff needed the FRO did not rely exclusively on the testimony regarding the tracking device. Instead, the trial court explained it gave limited weight to the tracking device testimony. It also explained that it was relying on other admissible testimony in finding the second prong.

We review a trial court's evidentiary rulings for abuse of discretion. <u>N.J. Div. of Child Prot. and Permanency v. A.B.</u>, 231 N.J. 354, 366 (2017) (citing <u>Carmona v. Resorts Int'l Hotel, Inc.</u>, 189 N.J. 354, 379 (2007)); <u>see also</u> <u>L.T. v.</u>

11

F.M., 438 N.J. Super. 76, 89 (App. Div. 2014).  In this matter, we discern no abuse of discretion and no grounds to vacate the FRO.

Finally, defendant argues that the evidence did not support the issuance of an FRO.  As already analyzed, the factual findings made by the trial court are supported by substantial credible evidence and establish the elements of simple assault and harassment.  In essence, therefore, defendant simply disagrees with the trial court's factual findings.  The record and law do not support defendant's disagreement.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

12

A-0206-24